Oyez, oyez, oyez. All persons having business before the Honorable, the United States Court of Appeals for the District of Columbia Circuit, are admonished to draw near and give their attention, for the Court is now sitting. God save the United States and its Honorable Court. Be seated, please. Case No. 19-709, District No. 1, Pacific Coast District, Marine Engineers Beneficial Association, AFL-CIO Appellant v. Liberty Maritime Corporation. Mr. Murphy for the Appellant, Mr. Nichols for the Appellee. Good morning. Good morning, Your Honors. May it please the Court. My name is Mark Murphy. I'm here on behalf of the Appellant, the Marine Engineers Beneficial Association, or BBA. I'll refer to them as the Union. The Union and the Appellee, Liberty Maritime Corporation, have maintained a collective bargaining relationship for more than three decades. Recently, that relationship between the parties has been exceedingly strained. This strain has led to a number of lawsuits brought by the Union to enforce its collective bargaining agreement in the D.C. District Court and in this Court. I'll briefly explain the facts of this case for you. Briefly stated, the relevant facts at issue here involve the manner in which Liberty Maritime manipulated the arbitration and grievance process set forth in the party's labor contract to unilaterally appoint a labor arbitrator for a one-year term without the consent of the Union, a requirement that is procedure through which the Union and the company are required to resolve disputes that may arise under that agreement. The relevant contractual language provides that either party may submit a grievance to a licensed personnel board that we call the LPB, consisting of two representatives from the company and two representatives from the Union. Under this process... Your argument to us, as I understand it, is that the District Court made two errors of law and that that in itself is reason for us to reverse. That's right, Your Honor. The main argument we're making is that the District Court decided, wrongly decided that the purported arbitrator that was unilaterally appointed by the company could decide his own authority. We believe that is wrong under the law and therefore it should be, either this court should rule that the parties need to choose a mutually agreeable arbitrator, which by the way they have. The arbitrator in question, his one-year term has ended and there's another arbitrator that has been appointed that has been mutually agreed upon. But because this arbitrator was not mutually... So I'll get back to that point in a minute, but there's a threshold question for us to decide, isn't that correct? As to whether this is an issue properly for the court to decide or the arbitrator. Exactly, and what we said was the District Court erred by deciding it was for the arbitrator to decide his own jurisdiction. We believe that what this case has to do with is a substantive question of arbitrability, a threshold question that needs to be decided by the court and not the arbitrator. Can I ask you a question, a timing question? So suppose, you'll resist this but just follow me through on the hypotheticals, suppose that the District Court decision is affirmed and then the arbitration happens and then an award is entered, is there review at the back end of the same question of whether the arbitrator was validly appointed? So that's a very good question, Your Honor. Just to let you know the procedure of that, since the District Court issued its decision, the arbitrator, the arbitrator of Priceman, who we challenged, the union challenged, has conducted LPB meetings. The union has not participated in those meetings because of our position that we don't think he was properly appointed. He has issued decisions. Those decisions pursuant to the contract can be challenged through a petition to vacate in New York State Court. Those decisions were challenged by the union. Presently, it's been briefed and fully argued. On the ground, but challenged on what ground? Challenged on the grounds that he, so the District Court here said, arbitrator, you get to decide whether you have the authority, right? And so he did that. He decided he had the authority. He decided that without any kind of analysis, basically just a one line, I've considered it, I think I have authority under the contract. We challenged that by saying that that was outside his scope of his authority. So the State Supreme Court judge has that right now in front of her. So to answer your question, if the District Court's decision is affirmed, that means that then the arbitrator had the authority to decide his own jurisdiction, right? But then the State Court judge still has to decide whether he decided that correctly, whether he actually had the authority and whether he was mutually appointed under the party's contract. So that's the issue that's presented to the State Court. Is it the same question then? No, it's not the same question. Because the question here and the question that the District Court judge decided wasn't whether or not the arbitrator had authority under the contract. It was just whether or not who could decide he had authority. Judge Leon said, that's something for the arbitrator to decide. So that's when he... Right, but if the answer... So you think that the District Court got that wrong, and so you think it's not a question that the arbitrator should decide, but it's a question that the court should decide. Right. And then if we follow that through and then the court does decide it, then is the court deciding the same question that's now before the New York court? And I took your answer to be no, because the New York court is saying, assuming that it was for the arbitrator to decide, was what the arbitrator said enough or no? Right. Or would the New York court also look back to the threshold question? The New York court would look to see if the arbitrator's decision was reasonable and acceptable under the labor contract. So to answer your question, Judge, it's not exactly the same question that's being presented to her. And that's looked at through, I imagine, an extraordinarily deferential standard of review. We have a hard road to hoe in the state court, yes, because there is quite a bit of deference given to an arbitrator's award. So the answer to Judge Srinivasan's question is no. That's what I'm not clear on. In other words, suppose the state court judge decides against you. Can you challenge that and raise this threshold question as well? If the state court judge rules against us, then there's still the issue alive here, which is whether or not the case should have gone to state court in the first place. And the state court wouldn't decide that question. The state court's not deciding that question. The state court understands that the question before the judge is whether or not the arbitrator properly ruled and interpreted the labor contract to determine that he had the authority to act as the chairman of the LPB. I understand that. So what I'm trying to be clear in my own mind is that if the state court judge rules against you, if you want to appeal that decision or seek reconsideration, are you somehow barred from raising the threshold question? Well, not only did the trial judge get the substantive point wrong, but the arbitrator never should have been making this decision in the first place. Well, I think that second question, Judge, is in front of this panel. I know, I know. I just want to be clear. I thought that was the thrust of where Judge Srinivasan was going. Could this issue come up in the New York courts? I can't say it wouldn't, but the basis of where the procedure is right now, the state court judge is aware of this proceeding. She understands what is being presented here. We've explained to her that there are different issues. So my supposition is that if we lost before the state court judge, what we would do is we could appeal to the next level, the appellate level, and what we would be arguing is that that judge got it wrong, but it would be the decision of the arbitrator as to whether or not he had authority. And what about the flip? So suppose you win here. This is a hypothetical you'll like more, but still hypothetical. Suppose you win here, then what happens to the state court proceedings? Well, I mean, if we win here, I suppose that would mean it would depend, I guess, Your Honor, of what a win means. If a win means we've asked for a couple of different remedies, we think. I think that the court here could clearly find on the facts that the arbitrator was not mutually appointed and therefore doesn't have any authority. That could be a ruling. If that happens, then we would, I think, we've talked about presenting all of the issues, the grievances that were before the arbitrator who now has no authority to the new arbitrator who has been mutually appointed. We actually argued that and suggested that as a possible remedy for both of these cases that that wasn't accepted. But that probably would be what happens. If this panel remands the case and directs the lower court to determine whether or not the court has, the arbitrator had the authority, I'm confident that we would win that. But if we didn't win that, then that would be, but if you did win it, then the state, in other words, the state court proceedings are conditioned on, essentially, on your losing here. Because if you win in the federal court proceeding, then everything that's before the state court proceedings now just. Well, again, it depends, I think, on the outcome of the actual decision. I understand what you're saying. The actual decision before whom? Before? The actual decision from the panel. Our panel? Yes, Your Honor. If we prevail, the union prevails and it gets sent down, then I'm not sure what's going to happen there. Judge Leon could say, I still find that. No, but I'm assuming you win that. I'm just saying at the end of the day you win what you want to win in the federal system. Which is the arbitrator had no authority. Right. Then what we would do is we would present everything to the new arbitrator, and in that situation I would think that the state court decision would be no longer just judiciable, I think. Okay. Mr. Murphy, I'm not sure that you and I would completely agree on what's fact and what's law, but if the issue of validity of the appointment of the arbitrator is a question for the court, are there facts that need to be resolved in order to decide that, or is it just a question of reading the documents? Well, Your Honor. Are they a course of dealing that you think is relevant, for example, or could a court just read the collective bargaining agreement and decide whether it's clear and unmistakable allocation of the threshold question of the appointment of the arbitrator? So the legal issue is obviously who gets to decide. If the court gets to decide, the question is was there mutual agreement to appoint the arbitrator. I'm talking about the substantive question of what the collective bargaining agreement provides. Are there facts that need to be resolved in order to answer that question? Well, I think the facts that need to be resolved would be whether the parties mutually agreed upon the appointment of this particular arbitrator. The union obviously states that they did not. Well, I guess what I'm thinking is that the parties, qua parties, never agreed, but that liberty's position is that the collective bargaining agreement provides for the personnel board members to agree. And so I don't think they're saying that liberty and the union agreed. I think they're saying that what the agreement calls for is the board members to agree, and I can ask them, but I think their position is that your board members defaulted by not being there. The board validly chose an arbitrator in their absence. I think that that's their position. So I'm not sure there's a factual dispute if the legal question reading the contract were to be decided, but I'm trying to probe a little more on that. And based on that, the union's position is that under the contract, the LPB is composed of two members from the company, two members from the union. When the contract discusses the parties must mutually agree on an arbitrator, the parties are the union and the company. Right, and that's your position. I understand that's your position. I see that as a legal question and a contract reading question. But I know in the labor law sometimes the course of dealing or parties' understandings can bear on how we read that. I'm trying to understand here what your position is and what liberty's position is with respect to what would bear on the court's ability to read it as they would read any other contract. The court could issue a ruling based on its interpretation, its reasonable interpretation of what the contract says and the provision with respect to the parties. We think it's clear that the parties are referencing the grander parties, the union and the company who are parties to the actual labor contract. And what about the status of the Memorandum of Agreement from 1988? That seems to designate the AAA as the agency within the meaning of the collective bargaining agreement. Is that still in effect? Is that right? Am I reading that correctly? That's correct. It references the AAA as the agency that would be used to obtain a list of arbitrators that then would be chosen. The tricky part about this case, Your Honor, is that as we said in our brief, the parties had never used the LPB before. What they had done was they had just gone to the AAA and asked for a list of arbitrators and then struck from that list. So this is the first time that the parties have actually asked, had been using the LPB. That was one of the union's problems with the use in the first place. The issue that the company raises with respect to the AAA rules and what Judge Leon used to determine that it should be the arbitrator to make the determination was simply because there was one reference in that 1988 agreement to the AAA rules. It's just actually the AAA, not even to its rules. The union's position is that's not enough to then apply the actual rules that say the arbitrator gets to determine his own authority. It seemed in your initial exchange of letters between counsel that you were arguing that what the collective bargaining agreement provided in terms of a personnel board was not even applicable, but you're not pressing that here. You're reading that agreement and saying, okay, if we're going that way, the formal way that the parties had contemplated, switching off of this practice of just turning case by case to the AAA. If we're going with that, you're saying, well, they've not applied it faithfully. But you're no longer saying that that's not what governs. We've moved on from there. We recognize the LPB. Yes, we think that what was done was a threshold mistake and that essentially what happened was that the company hijacked the process to allow itself to put in its own person that's a partisan management side labor. Right. I understand that is your position in the briefs. And the other question I have is, as you read the terms of the agreement, what is to prevent, given that you read it to require the mutual agreement of the parties, and I gather the mutual agreement of the parties as to a meeting place and time, what is to prevent one party from just slow walking and saying, oh, I don't agree, I don't agree, I don't agree on a date for a meeting and or on the arbitrator. So where would you point me to and or liberty to assurance that this requirement of mutuality isn't an invitation to obstruct? Well, Your Honor, there are provisions in the labor contract that deal with the expeditious handling of the grievances. I'm not sure it actually addresses this particular issue, which is the appointment of the arbitrator. But I will say in practice, obviously, there's a concern that you've raised that the party will delay or not be timely. Here, I think the practical matter is that it's resolved because there's already an arbitrator that's in place. And the parties have chosen the arbitrator. And the contract specifically says that arbitrator stays in place even after his year term until a new successor is agreed on. So in your situation, if the company or the union were delaying in scheduling a grievance meeting or agreeing on another arbitrator or any kind of meeting relevant to the contract, then the other side could go to the arbitrator that's in place now. There's language that says that arbitrator is allowed to conduct a hearing, issue a ruling, even if the other side doesn't show up. Right. I'm trying to get back to the situation you were in before, though, because I think this could bear on how to read the contract. And it's a little bit curious because Section 2D talks about an arbitrator appointed by mutual agreement and extended if mutual consent. And then there is a sort of tiebreaker or process for dealing with a logjam in the reappointment, in the event of termination of the arbitrator, the parties will agree within 15 days upon a successor, failing which they'll request an agreed upon agency to designate five names. But that's only with the successor. Is it your understanding that that would have applied up front in the situation that you and Liberty were in a year ago? I can just tell you what we did. And again, this was because this was the first time the parties used the LPB process in the 30 years of their having a labor contract. What we tried to do was the both sides presented a number of labor arbitrators that could be agreed upon. And we submitted that to the other side, hoping that one of them would kind of be enough of a match that we could appoint that person as the arbitrator. That did not happen. So then what happened was the problem that we had, which was Liberty unilaterally scheduled the meeting, appointed their own arbitrator. What we've done since then is we have to appoint the new arbitrator as we've gotten a panel from the AAA, and we've alternately struck the panel until we reach the one person left, and that person serves as the LPB chairman. So I think, Your Honor, that's probably what would happen in the future if that occurs. Well, what would you have done? I mean, just to follow up on Judge Pillow's question. Suppose you have a situation in which the four board members are appointed, and then your two people want to get on with the process of naming the arbitrator, and you perceive Liberty as just not participating in that process. You reach out and you try to say, hey, can we get together to talk about who the arbitrator is going to be, and you get no response. Try again, no response. Try again, we're not going to answer your call. We're not going to answer your email. At that point, what do you do? Is this when an LPB chairman has already been appointed? No, when they haven't. So this is a year ago. Yes. So we would go to court and file a lawsuit to compel them to act. You wouldn't go to the AAA and get a list of five. Well, I mean, I think what Judge said was that if one side is stonewalling, and if even we had a list of five from the AAA, and if they kept saying we don't have a good date, we can't meet with you, we can't do this, we're not available, at some point we would, I think, one side or the other would determine they're refusing to abide by the contract, so we would have to enforce it, whether it was the company or the union in that situation. Why don't we hear from Anthony and give you some time. Thank you. Good morning, Your Honors. May it please the Court. Good morning. I'd like to get to some of the questions of issue preclusion that Your Honors were raising earlier, but before we do that, because I think that's really the category that you were searching for, before we do that, I'd like to talk about what I think Judge Rogers called the threshold legal question. There is a threshold legal question here, and it is this. Three years ago, this Court, in a published opinion, took up the very same contract and the very same arbitration clause, and indeed the very same provision of the arbitration clause, the term interpretation, and this Court held that interpretation is for the arbitrator. That's the only question before this Court today. It's the decisive question. So under that view, suppose that liberty reads mutual agreement to mean mutual agreement between the two liberty board members, and then they just say, all right, you know what, we're putting forward our name for the arbitrator, and that's the arbitrator, and then the union says, what are you talking about? There's been no mutual agreement. We haven't even talked about this. And then you say, well, we read mutual agreement to mean mutual agreement between the two liberty board members, and that's something that the arbitrator that we've designated gets to pick. And then you would say that the arbitrator gets to decide whether the arbitrator is the arbitrator? Yes, in the first instance, this quite broad arbitration clause says all, and it says disputes relating to interpretation, so it is a dispute relating to. So I do think the parties intended even something that extreme, which did not happen here. So you think in that hypothetical, then that's for the arbitrator that the two liberty board members pick, and liberty takes the position that that's the arbitrator. The arbitrator gets to decide whether the arbitrator is the arbitrator. But both parties came together and jointly agreed that if that were the circumstance, both parties agreed that then the liberty named arbitrator gets to decide whether he or she is validly appointed. Yes, in the first instance, Your Honor, and here's why. As Your Honor's questions pointed out, New York law provides for review. In fact, your own questions pointed out. It's New York CPLR 7511. It provides multiple grounds for reviewing awards. So that's at the back end, so the review is at the back end after the award has been entered. That's true. And what position are you taking in the state proceedings about the standard of review there? Well, the standard of review is that misconduct in procuring the award is number one listed on the list of vacature grounds in New York. So I think that might apply to Your Honor's hypothetical. Again, we have ample contrasts with this case, but I'm trying to address the hypothetical. Yeah, no, I appreciate you addressing the hypothetical. Yes, and partiality of an arbitrator is the next one. And the next one is the arbitrator exceeded his power. You might have a trifecta. But by what standard are those assessed? So in the hypothetical, the arbitrator has decided that the arbitrator is validly appointed. Correct. And then the union challenges that at the back end. The arbitrator enters the award that the union doesn't like, and it goes into – then the union challenges that at the back end in state court. What position is Liberty taking on the standard of view for assessing whether the arbitrator was validly appointed? Under those standards, under those provisions that you just outlined. I thought those were the standards. I'm not sure what Your Honor is thinking of other than those. Oh, I see. So that just gets – those words get applied de novo by a court. The court just decides whether – I don't know the words that you exactly used. Misconduct, partiality, exceeded power. So the court de novo looks at those. I mean, that's not my understanding. And I doubt you're taking that position. No, I don't mean to take a position that is de novo. I think – and we all know how arbitration awards get reviewed. It is a deferential standard. But it is clear in cases. That's why this statute exists. And so Your Honor's hypothetical, which I think is very extreme, would be a target for review even under that standard. And the reason we want it that way is that these parties bargained for private, quick, decisive resolution of shipping disputes. I mean, that works a lot of times. I understand the logic of that argument. But the whole enterprise here, what we're supposed to be trying to understand, is the particular dispute that's before us, the kind of thing that we envision the parties would have imagined would be resolved by the arbitrator. And for a lot of things, that's true. It seems a little bit odd to me to think that where the question is whether there's a mutual agreement, the very question is whether there's a mutual agreement. The thing that the parties intended was to have a person who one party thinks was appointed purely by the other party be the resolver of whether there was in fact a mutual agreement. Let me give you a couple reasons to think that's the case, textual reasons, and then I'd like to give you a precedential reason. The textual reasons start on JA 46, and it is with the arbitration clause itself. If you look at the top of JA 46, it does say all disputes, and it does say relating to, and it does say performance of. So we have what this court called three years ago a quite broad arbitration clause that creates itself a presumption, crossing over into a precedential type of argument. But sticking with the text, then we have on page 48 another indicator that the parties would have wanted this to be the case. And I think this gets to some of Judge Pillard's questions about obstructionism. If you look at subsection F, it says that either party, that's not both parties. My friend used the word unilateral a number of times, but we are quoting from the contract here. Either party can call a meeting of the board within 24 hours, and you'll notice with telegraphic notice, this is before the days of e-mail, we're calling a board meeting in 24 hours, and you have to come, and at the end of the paragraph you see the arbitrator has to issue a decision within five hours. With those parties sitting there that agreed to this resolution for a shipping company that needs to deliver their materials on time, have thought you could... But, Mr. Nichols, that assumes that there is an LPB in place. Yes. So it assumes the question we're asking about, which is the threshold determination and the allocation of review of the threshold determination of whether an arbitrator was validly appointed, who's the fifth member of that LPB. And so fine, if you have an LPB in place, terrific. Go to the LPB, say we have an emergency, let's get this done. And I don't take the union to be disputing that this subsection F would apply. The question is, the prior one, do we have an LPB in place? I understand, and that's exactly why, because we're dealing with a threshold question, you could do an end run around this entire, basically render it meaningless, as your honors, we're not available, we're not available, we're not available, and thwart the entire purpose. And so your position is, if in the choice of arbitrator the other party says, we can't come this week, how about next week, that you can say, no, the collective bargaining agreement tells us to a decision within 24 hours, so we have to resolve this. Two things. 24 hours, far more was given here, and here they didn't say they couldn't come. I'm looking for your authority for two things. One, that you can unilaterally choose the date for the named LPB members to meet, and two, that you can act unilaterally where you haven't got an agreement with the other side in the appointment of the arbitrator. I'm looking for authority for those two things. Unilateral choice of date and unilateral choice of person. As a threshold matter, your honor, those questions are for the arbitrator in the first instance, not for the courts. I just want to make sure the context for this conversation is clear. But as to the date, and as to, what was the other one? I apologize. The arbitrator. Those are, I think, textually committed to the arbitrator in interpreting the agreement, because subsection D talks about mutual agreement. And so the question is, how do we get mutual agreement on the arbitrator? And the contract doesn't give us a lot of specifics, but if you back up and go to B, you see that the phrase mutual agreement appears again, and it's talking about the board acting by mutual agreement. And so I think the textual support that you're looking for, Judge Pillar, is in both D, that's on JA 47, and in subsection B, that is JA 46. And it indicates that what the parties wanted to do was to have mutual agreement. And I'd like to get to the precedential reason for this. We have a decision from the Supreme Court in its house. And it says that we have a gateway procedural disputes are for the arbitrator. So even if your honors think that, well, do we have anything besides the contract here? We do also have the Supreme Court telling us this is certainly not a substantive dispute. There's no question that the parties agreed to arbitrate the underlying grievances. But what we have is a gateway procedural dispute that the Supreme Court says is itself for the arbitrator. And Justice Breyer said at the end of that opinion, it is not a question of arbitrability. That was dealing with the statute of limitations, though. That was assuming you had an arbitration forum up and going, and then the question is, is there a defense here on limitations grounds or not? So it really doesn't go to the question of whether you have a validly mutually agreed upon forum up and running, which is what we have in this case. Understood, Your Honor. But the question is not, is it the same case? But is it a procedural dispute or is it substantive? And this is not substantive. No, I don't think that's right. I don't think you can just say that the world is divided between procedural and substantive and the Supreme Court has told us something about procedural because you have to ask the antecedent question, when the Supreme Court is talking about procedural, do they have this kind of thing in mind? And this kind of thing means, is there a validly appointed forum in the first place? I don't think when the Supreme Court talked about procedural issues, it had this kind of thing in mind. Well, by this kind of thing, we can only mean what the parties said they were referring to, and they said disputes relating to the interpretation of this agreement. That certainly would seem to include the phrase on the next page of that same agreement, mutual agreement. What did the parties think they were agreeing to let the arbitrator decide? What does mutual agreement mean? What's your view, Mr. Nichols, of how there was mutual agreement here? Sure. I mean, I sketched what I thought was your view when I was questioning Mr. Murphy, but I would like to hear whether that was correct. Sure. Again, granting that we think that's the question for the arbitrator, there are two reasons there were mutual agreement here. Number one, there was notice and default. I'm not sure what happened with the case before ours, but if that party didn't show up, it wouldn't be okay, it wouldn't be the outcome to say that the court's ruling was not valid. We have notice given five times before the meeting, JA333, 338, 344, 349, and then on the morning of the meeting is sixth notice. We have warning of default three times, JA328, 323, and 349. We have an offer to participate by phone, JA349 and 355. We have a call to AAA, please give us some members so we can have this board meet and pick someone neutral, JA344. So what we have is a fully intelligent, knowing default by the union. We will not attend. Number two, I understand this is reasoning by inference, but the JA48, the provision of the contract at the bottom of that page, says that failure of either party to attend an arbitration hearing shall not delay said arbitration. That's subsection H at the bottom of the page, and I realize, as your honors have rightly pointed out, we are at a threshold question before that. But if you're asking what would the parties have wanted to arbitrate, they actually thought of someone not showing up. These were thoughtful people who anticipated the situation where one party said we're not coming. I guess in labor disputes it can be antagonistic like that, and the idea is we need to move these things along because shipping is time sensitive. But it's just that you answered your own question. I mean what this obviously says is they agreed that somebody has to show up when there's an arbitrator. This doesn't say that the very question of whether there's an arbitrator is one that the arbitrator decides. I understand it doesn't say that, but we're looking for textual indicators of who decides what. I don't even understand how this is a textual indicator if it just presupposes the existence of an arbitrator. The whole question here is whether we have an arbitrator as contemplated by the agreement. It's a textual indicator for this reason. When you read a contract, you try to read it so as not to render any provision meaningless. And H would be meaningless if you could just say we're not going to appoint an arbitrator to begin with. And so this is a provision that has to be given meaning, and what ended up happening here in this situation was the arbitrator, and we're in court now to deal with it, because that provision was read out of the contract. We weren't able to give it meaning because they wouldn't let us get to that question, that occasion. Mr. Nichols, in reading the contract, in resolving the dispute between the union and Liberty on what this contract provides, are there facts that you think need to be found? I take it your position is you read the contract and that the arbitrator should read the contract in the way most plausible, giving effect to the party's intent. But are there actual historical facts that would need to be or bear on how we read that? Parole evidence, that sort of thing? Yeah. I don't know, because our view right now is that the contract is clear. We think that this case is controlled by MEBA 1. But we're not saying that if a court disagreed that there wouldn't be a need to look at outside indicators of what the party's intended, because... I'm not sure I follow that. What are you imagining? Parole evidence. But on this dispute or in a different situation? I'm trying to distinguish between a contract that I think is clear, maybe I haven't yet convinced your honors, but I think it clearly extends this particular issue to the arbitrator and what your honors might think, which is, ah, I'm not so sure if that's the case. I can see parole evidence potentially being relevant, and I don't want to rule that out and say, well, if you disagree with my take, that the case is over because he said it was clear. So by hypothesis, imagine that we didn't think it was clear. What's your position on how or when parole evidence might be? Is it just regular contract law, or is there something about the labor law that would make a course of dealing more relevant? You're just talking about regular contract law. I don't know. Okay. I take it the answer to this has to be yes, but just to be clear, if the union had done, had just said that there's an arbitrator and that's appointed by mutual agreement, even though all that happened was that the union had two board members and that those board members picked an arbitrator, you'd take the same position that that's something that the union-appointed arbitrator gets to say. Yes, your honor. And do you think that Liberty agreed to that when it entered into this agreement? Not to that procedure. We think that is not what the contract says, and it's not what we did. No, but to have the arbitrator resolve it. Yes, your honor, yes, I do. I think that would be reviewable at the end, just as we are saying this case, these grievances, excuse me, wrong word, these awards are being reviewed in state court, in fact have been teed up in state court already. If your honors have no further questions, thank you. And do you agree with the union, I'm sorry, do you agree with the union that the 1988 MOU is still intact? It also applies. It just has this little thing about designating the AAA. Yes, we do. In fact, we do think that AAA continues to be the forum that was designated for these, sorry, not the forum. I think my friend said the same thing. It is the one place one can go from whom to request arbitrators,  All right, thank you. Thank you, sir. Thank you, your honors. Thank you. Just a few follow-up questions with respect to my colleague's arguments. First and foremost, with respect to the fact of what he was claiming as a notice in default, you have to understand, again, the parties hadn't done this before. The union was very leery of going into a process that hadn't been done for 30 years, particularly since we've already followed a different process. We were unavailable for the unilateral date that the company set, two unilateral dates in New York City. We offered five separate July dates. So this was not a situation of the union delaying or not wanting to participate. That's at JA 346. So that's factually, there's no delay here. Well, let me ask you, I mean, Liberty responded in part, didn't it, that the reason you weren't available for the second meeting was because you wanted your lawyer present? And Liberty responded, well, there's no provision in the CBA that says that you have a right to have a lawyer there, so we're going ahead. Right, there's no provision that says that either side can have a lawyer. And, in fact, in most situations, and in situations where I personally represented the union against Liberty in arbitrations, I was president and I spoke for the union. So we thought that was another tactic that they were using to kind of try to hijack the whole process. And this whole process, Your Honor, is supposed to be under federal labor law. It's supposed to encourage resolution of disputes. That's exactly the opposite of what's happened here, obviously. And just to speak quickly to the Horsham decision from the Supreme Court that Liberty relies on, really what that case says and asks the court to determine is would the contracting parties have expected a court to have decided the gateway matter where they are no likely to have thought they had agreed to an arbitrator would do so. So here the question is, would the union have expected an arbitrator who was unilaterally appointed to decide his own authority? We submit that neither side would do that. So under that Supreme Court precedent, that's a gateway issue that's for a court to decide. So first options versus Kaplan is the case you'd point to for that. Yes, that's the same provision. You're right, Your Honor. But it's critical because there is no arbitrator here appointed by mutual agreement. So that person can't rule on his own authority. Arguably he doesn't have any authority, even to issue that first decision. I'll close on this issue also, Your Honors. With respect to the contract, at the very beginning of the contract, there's reference to both sides, the company and the union. And that, on JA-37, that makes reference to the parties. So clearly the parties are the union and the company. It's not the two LPB members from the company. It's not the two LPB members from the union. Those are just representatives of the larger organizations that are signatory to the labor contract, the union and the company. If there's not mutual agreement between the parties, the union and the company, then there's no arbitrator appointed. And that should be something that's decided by the court. All right. Thank you.
judges: Rogers, Srinivasan, Pillard